IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID CLINTON PRAYTOR**                                          **PLAINTIFF**

v.                                                               **No. 3:22CV127-GHD-DAS**

**BRIAN FALATKO, ET AL.**                                     **DEFENDANTS**

**MEMORANDUM OPINION DISMISSING CASE
AS UNTIMELY FILED**

This matter comes before the court on the *pro se* prisoner complaint of David Clinton Praytor, who challenges the manner of his arrest under 42 U.S.C. § 1983. The court issued an order [11] to show cause why the instant complaint should not be dismissed as untimely filed. The plaintiff has responded [13] to the order, and the matter is ripe for resolution. The events described in the complaint occurred in 2016. Thus, the statute of limitations regarding claims arising out of those events expired in 2019. The instant complaint was filed on June 29, 2022, some three years after the limitations period expired.

In his response, the plaintiff argues that the limitations period should be tolled because, during the time between the events giving rise to the instant suit and the date he filed suit, the following conditions existed, causing delay in filing:

    (1) Inadequate law library services;

    (2) Unskilled law library personnel;

    (3) Multiple transfers among facilities;

    (4) Quarantines;

    (5) Personnel turnover; and

    (6) His ignorance of the statute of limitations.

Doc. 13. He also argues that, though he knew that he was physically injured when he was shot, he was not aware of his mental injuries until much later. *Id.*

As discussed in the show cause order [11] the three-year limitations period begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). He became aware that he had been injured at the moment he was shot, regardless of whether he recognized other injuries later. As such, the limitations period began to run on the day of the shooting in 2016 and expired three years later in 2019.

## Equitable Tolling

Though the plaintiff does not use the term "equitable tolling" in his response to the show cause order, he seems to invoke the doctrine in an attempt to render his complaint timely. Whether to equitably toll a limitations period is a decision that lies within a district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling should only be applied in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam)(quotation omitted).

Equitable tolling should be used "sparingly;" courts have been willing to do so where the plaintiff has diligently pursued relief, but an extraordinary circumstance prevented him. *See United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (per curiam); *see also Sandoz v. Cingular Wireless*, LLC, 700 F. App'x 317, 320 (5th Cir. 2017) (per curiam). An "extraordinary circumstance" is one that arises out of "some external obstacle" to timely filing – beyond the

plaintiff's control – not from "self-inflicted delay." *Sandoz v. Singular Wireless, LLC*, 700 F. App'x 317, 320. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal citations and quotations omitted); *accord Henderson v. Thaler*, 626 F.3d 773, 778 (5th Cir. 2010). Whether diligence is reasonable is an equitable inquiry – "fact-intensive" in nature –in which courts must avoid "mechanical rules and instead to draw upon decisions made in other similar cases for guidance." *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (quotations omitted). Thus, determining whether a limitations period should be equitably tolled depends on the facts and circumstances of each case. *Patterson*, 211 F.3d at 931. The party invoking equitable tolling bears the burden of proof. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

In this case the plaintiff has not identified any extraordinary circumstance sufficient for the court to invoke equitable tolling. The plaintiff filed the instant suit over six years after the events giving rise to his case – and more than three years beyond the expiration of the limitations period. He has not claimed that the defendants prevented him in some extraordinary way from filing suit. In addition, the reasons he lists in his response to the show cause order do not explain the six year delay. Prisoner plaintiffs need only describe the facts of their cases in a § 1983 complaint – something the plaintiff could easily have done within the three year limitations period. Indeed, § 1983 form complaints are generally available in every jail or prison in the state. In addition, as the plaintiff acknowledges, his ignorance of the limitations period does not excuse his tardiness. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (neither excusable neglect nor ignorance of the law justifies equitable tolling). None of the plaintiff's stated reasons justify his delay in filing the instant case.

In sum, the instant complaint was filed beyond the applicable limitations period, and the plaintiff has not shown that he is entitled to equitable tolling to render his complaint timely. As such, the instant case will be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of October, 2022.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE